J. Keith IDEMA, Gary Scurka, Kathy Scurka, and Jim Morris, as individuals, Plaintiffs—Appellants,

v.

DREAMWORKS, INC. (dba Dreamworks SKG), a Delaware Corporation; Dreamworks Films LLC, a California limited liability company; Dreamworks Distribution LLC, a California limited liability company; Dreamworks LLC, a California limited liability company; Steven A. Spielberg; Random House, Inc., a New York Corporation; Andrew Cockburn; Leslie Cockburn; Jessica Stern; Michael

Schiffer; Phillip Petersen; Ballpark Productions, Inc., Blackwater Productions, Inc., Both Individually and Severally, Defendants—Appellees.

Nos. 01–57243, 02–55129.

D.C. No. CV–00–10316–ABC.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 3, 2003.

Resubmitted Dec. 18, 2003.

Decided Dec. 24, 2003.

As Amended on Denial of Rehearing March 9, 2004.

Todd M. Friedman, Chicago, IL, J. Keith Idema, pro se, Fayetteville, NC, Francis C.Z. Pizzulli, Santa Monica, CA, David Olan, Olan Law Corporation, Jim Morris, pro se, Los Angeles, CA, for Plaintiffs–Appellants.

Louis P. Petrich, Leopold, Petrich & Smith, P.C., Terrence Clark, Squire, Sanders & Dempsey L.L.P., Los Angeles, CA, Paul F. Donsbach, Chirstopher D. Glos, Kutak, Rock, LLP, Irvine, CA, Jeffrey S. Jcobovitz, Kutak Rock LLP, Washington, DC, for Defendants–Appellees.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM AND ORDER [*]

Plaintiffs J. Keith Idema, Gary Scurka, Kathy Scurka, and Jim Morris filed this copyright action claiming that Defendants' motion picture, *The Peacemaker,* infringed eight of Plaintiffs' works. The district court granted summary judgment to Defendants, and we affirm in part and dismiss in part.

■ 1. We grant Plaintiffs' request for judicial notice, because the document in question (a copyright registration for a ninth work, a letter from Plaintiff Idema to Defendant Spielberg) is the sort as to which judicial notice is appropriate. Fed. R.Evid. 201(b)(2).

■ Nevertheless, we hold that the district court did not abuse its discretion in denying leave to file a third amended complaint after it entered summary judgment. *See Nguyen v. United States,* 792 F.2d 1500, 1503 (9th Cir.1986) (stating that entry of summary judgment may affect the court's decision whether to grant leave to amend pleadings). Plaintiffs did not adequately explain all the delay in requesting the amendment, and Defendants would have been prejudiced by having to litigate a new claim when they already had obtained a ruling in their favor.

We express no opinion as to whether the ninth work (the Spielberg letter) may be the subject of a separate copyright action (if one is timely filed), but the district court was not required to allow litigation over the letter in *this* action.

■ 2. The district court did not abuse its discretion when it denied Plaintiffs' motion for discovery insofar as that discovery was to occur before the court ruled on the summary judgment motion. The district court accepted Defendants' concession (made for the purpose of summary judgment only) that they had access to Plaintiffs' works, so the additional evidence of access that was sought was not required at that stage of the litigation.

■ 3. We have reviewed in painstaking detail Plaintiffs' eight works and *The Peacemaker,* and we conclude that no reasonable juror could find substantial similarity of ideas and expression, even viewing the evidence in the light most favorable to Plaintiffs. *See Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990) (stating standard for summary judgment in copyright infringement case). To the extent that there are similarities, many of them relate to historical facts, which are not themselves subject to copyright protection, or to stock characters and scènes à faire. The remaining similarities are not substantial, and the differences between the film and Plaintiffs' eight works are extensive.

We express no view on whether the ninth work, which we have concluded is not part of this action, is substantially similar to *The Peacemaker.*

■ 4. The district court dismissed Plaintiffs' breach of confidence claim under California state law, giving two alternative, independently sufficient reasons: Copyright Act preemption and failure to state a claim under state law. On appeal, Plaintiffs challenge the district court's first reason, but not the second. In the circumstances, Plaintiffs have waived any argument on appeal that the district court's second reason (based on the elements of the claim under state law) was erroneous. We therefore uphold the district court's ruling without expressing any view on the question of preemption.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

5. We lack jurisdiction to consider Plaintiffs' appeal with respect to attorney fees awarded under 17 U.S.C. § 505. Plaintiffs designated for review only the "civil judgment" on the merits. The judgment so designated was entered on December 12, 2001, and it did not address the question of fees. Fees were addressed in a separate judgment entered on January 10, 2002, from which no appeal was taken. We lack jurisdiction to review an order granting fees in that circumstance. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

6. We decline to consider additional issues that Plaintiffs raised for the first time in their reply brief. *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990) (noting that "[i]t is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs" (internal quotation marks omitted)).

Request for judicial notice GRANTED. AFFIRMED in part; DISMISSED in part.

