**BNI ENTERPRISES, INC.,
Plaintiff—Appellant,**

v.

**Kelli HOLMES, Defendant—Appellee.**

No. 04–56347.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided Feb. 23, 2006.

George K. Rosenstock, Esq., Glendale, CA, for Plaintiff–Appellant.

Kelli Holmes, La Verne, CA, pro se.

Before: B. FLETCHER, FERGUSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Appellant BNI Enterprises, Inc. (BNI) appeals the district court's summary judgment to appellee Kelli Holmes (Holmes).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recite them in detail.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. During the pendency of the proceedings, Holmes sought to invalidate Team's LLC status and take responsibility for all of Team's liabilities. Accordingly, and as noted by the district court, Holmes is the only proper defendant (and appellee) in this matter.

BNI markets and promotes a networking system for professionals and uses copyrighted material to implement and promote its networking and referral system. Holmes was an employee of BNI from 1990 to 1999, and her familiarity with BNI's written brochures and materials is not disputed. She left BNI's employ in December 1999 and, in July 2002, started Team Referral, Inc. (Team), a competing networking business. BNI alleges that Holmes copied BNI's brochures as well as its concept and diagram of "contact spheres."

We review the district court's grant of summary judgment de novo. *See Government of Guam v. United States,* 179 F.3d 630, 632 (9th Cir.1999), *cert. denied,* 529 U.S. 1017, 120 S.Ct. 1416, 146 L.Ed.2d 309 (2000). We view the evidence in the light most favorable to the non-moving party to determine the presence of any issues of material fact. *See Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1044 (9th Cir.1994).

A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The first element is not at issue in this case; thus, the only question is whether BNI can demonstrate a triable issue of fact whether Holmes "cop[ied]" anything that was 'original' to" BNI. *See Feist,* 499 U.S. at 361, 111 S.Ct. 1282.

In order to prove copyright infringement, BNI must establish that Holmes "had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *See, e.g., Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 481 (9th Cir.2000).[2] In this case, the purportedly copied material is primarily factual in nature; thus, BNI must demonstrate "verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed." *Landsberg v. Scrabble Crossword Game Players,* 736 F.2d at 485, 488 (9th Cir. 1984) (alleged infringer's Scrabble game-strategy book contained no more similarity than what must have been produced by anyone wishing to restate the unprotectable ideas in plaintiff's book).

■ With respect to BNI's brochures and pamphlets, it is quite clear that Holmes's materials are not a verbatim copy; on the contrary, Holmes's materials embody distinctive themes and employ unique language. Whatever commonalities that do exist are no more than what "must unavoidably be produced by anyone who wishes to use and restate the unprotectable ideas contained in [BNI's] work." *Three Boys Music,* 212 F.3d at 489.

■ As regards BNI's "contact spheres" diagram, which is arguably accorded a greater degree of copyright protection, BNI cannot raise a triable issue of fact on substantial similarity. First, Holmes has chosen the nomenclature "centers of influence" or "power partners"; BNI, by contrast, calls its model "contact spheres." Second, unlike the BNI model,

---

**2.** BNI claims that this is a "direct copying" case and that it need not demonstrate a triable of issue of fact regarding substantial similarity. But "direct copying" requires evidence of actual *physical* copying, *see Idema v. Dreamworks, Inc.,* 162 F.Supp.2d 1129, 1175 n. 49 (C.D.Cal.2001), *aff'd in part, dismissed in part,* 90 Fed. Appx. 496 (9th Cir.2004), or

"similarities ... so striking that no other conclusion is possible." *M. Kramer Mfg. Co. v. Andrews,* 783 F.2d 421, 446 (4th Cir.1986). BNI, by contrast, only establishes Holmes's *access* to BNI's materials and use of those materials in fashioning her own projects, and thus this case does not involve direct copying.

which lists examples of various professions under each industry heading, Holmes surrounds each "center of influence" (or industry) with the various "power partners" (or professionals) associated with that industry. Third, Holmes uses different language to define and describe her "centers of influence" and "power partners." Finally, Holmes provides at least one "center of influence" (automobile services) not found in BNI's model and includes longer lists of "power partners" associated with each industry. Although there are similarities between the two models, they are "no more than the similarity that must unavoidably be produced by anyone who wishes to use and restate the unprotectable ideas contained in [BNI's] work." *Landsberg*, 736 F.2d at 489.

For the foregoing reasons, the district court's summary judgment in Holmes's favor is affirmed.

AFFIRMED.