**Jeffrey KOUF, Plaintiff–Appellant,**

v.

**WALT DISNEY PICTURES & TELEVISION, Defendant–Appellee.**

No. 92–55985.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 1994.*

Decided Feb. 17, 1994.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

J. Patrick Maginnis, Maginnis & Maginnis, Los Angeles, California, for the plaintiff-appellant.

Sanford M. Litvack, Burbank, California, for the defendant-appellee.

Before: TANG, PREGERSON, and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

Jeffrey Kouf ("Kouf") appeals the district court's summary judgment in favor of Walt Disney Pictures and Television ("Disney") in his action under the Federal Copyright Act, 17 U.S.C. §§ 501, 504. Kouf alleges that Disney infringed on his copyright in his screenplay entitled "The Formula," when it made the film "Honey, I Shrunk the Kids." The district court found that the two works were not substantially similar. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## BACKGROUND

In July 1985, Kouf anonymously submitted a copyrighted screenplay entitled "The Formula" to Disney which Disney rejected in April 1986. In June 1989, Disney released the film "Honey, I Shrunk the Kids" which grossed over $80,000,000. Kouf contends that Disney copied "The Formula," without paying Kouf for its use, when it made "Honey, I Shrunk the Kids."

 Kouf sued in district court, alleging copyright infringement in violation of the Federal Copyright Act.[1] Disney moved for summary judgment, conceding that Kouf owned a copyright to his screenplay and that Disney had access to the screenplay. Disney asserted only that the film and the screen-

---

1. "Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright [and may be sued in district court]." 17 U.S.C. § 501(a), (b). "[A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer ...; or (2) statutory damages...." 17 U.S.C. § 504(a).

play were dissimilar as a matter of law.[2]

The film "Honey, I Shrunk the Kids" is a family comedy/adventure about neighboring families, the Szalinskis and the Thompsons, who dislike each other initially but come together after the kids are shrunk and restored to normal size. Wayne Szalinski is an absent-minded professor-type obsessed with perfecting a ray gun invention to shrink objects for use in the space program; but so far, it only blows up objects and creates friction between Wayne and his wife. While Wayne is at a scientific conference, one of the Thompson kids accidentally hits a baseball through the Szalinskis' attic window into Wayne's laboratory. The baseball becomes lodged in Wayne's invention, which then shrinks the kids of both families to ¼ inch in size. After Wayne mistakenly throws out the kids with the trash, he begins an entertaining search for them. At the same time, the kids traverse the backyard to get home and return to normal size: they befriend an ant who carries them partially home, and dodge swooping bees, sprinkler water droplets, and lawnmower blades before riding into the house on the Szalinski dog. Wayne restores the kids' size, and the film ends with the Szalinskis and the Thompsons happily eating a Thanksgiving feast together, thankful to be together.

Kouf's screenplay "The Formula" is an adventure story about a twelve-year old boy genius named Johnny Lawrence who, together with his high school science teacher, invents a formula for shrinking people down to one-foot tall. They test it on a guinea pig in science class. Three students steal the formula and spike a janitor's whiskey, making him shrink to one-foot tall. A bum abducts the shrunken janitor and takes him to an Italian gangster named Thompson who then abducts the three boys and the teacher in an effort to obtain the formula. Johnny organizes a rescue mission of students. The kids make several foiled attempts to dupe Thomp-

son who then sells the shrunken adults to a circus. After a rescue at the circus, everyone decides to retrieve the formula from Thompson to stop his gang from using it to do evil. Unfortunately, Thompson shrinks the group and sends them off to a Gypsy camp. A young girl frees them, and they discover an underground forest cave where they can escape the Gypsy leader and collect chemicals to make a new batch of the formula. They next wind up on a golf course, go to school to make the formula and restore to normal size, and reunite with their families at the police station. The police surround Thompson's house, several gangsters and police officers are killed in a shoot-out, and the police dynamite the house (killing the gangster inhabitants). The screenplay ends in science class with the teacher talking about a new formula to enlarge things; the students tear up his notes and pour out his chemicals, and everyone laughs.

The district court agreed with Disney that the works were dissimilar as a matter of law and granted summary judgment. Kouf appeals.

### ANALYSIS

1. **Summary Judgment and Substantial Similarity Analysis Under *Shaw v. Lindheim***

■ We review de novo the district court's grant of summary judgment. *Jones v. Union Pacific R.R. Co.*, 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to Kouf, as the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *FDIC v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.1992), *cert. granted*, —— U.S. ——, 114 S.Ct. 543, 126 L.Ed.2d 445 (1993); *Shaw v. Lindheim*, 919 F.2d 1353, 1358–59 (9th Cir. 1990) (same standard applies to summary

---

**2.** To establish copyright infringement, Kouf, as plaintiff, must show that he owns a valid copyright in his screenplay, and that the defendant Disney copied protected elements of it. To prove copying, Kouf must show that Disney had access to his screenplay and that parts of Disney's film are substantially similar to protected elements of

the screenplay. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir.) (elements of copyright infringement claim), *cert. denied*, —— U.S. ——, 113 S.Ct. 198, 121 L.Ed.2d 141 (1992). Because Disney conceded ownership and access, the only issue for summary judgment was whether the works are substantially similar.

judgment in copyright infringement cases). When the issue is whether two works are substantially similar, summary judgment is appropriate if "no reasonable juror could find substantial similarity of ideas and expression[,]" viewing the evidence in the light most favorable to the nonmoving party. *Shaw,* 919 F.2d at 1355 (Where reasonable minds could differ on a finding of substantial similarity, summary judgment is improper.).[3]

■ We apply a two-part test, the extrinsic test and the intrinsic test, to compare the similarities of ideas and expression in two works. The extrinsic test is an objective test based on specific expressive elements: the test focuses on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" in two works. *E.g., Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir.), *cert. denied,* 474 U.S. 826, 106 S.Ct. 85, 88 L.Ed.2d 69 (1985) (citation omitted). The intrinsic test is a subjective test that focuses on "whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization' or 'picturization' of the plaintiff's work." *Id.* at 1292 (focusing on the total concept and feel of the two works) (citing *Litchfield v. Spielberg,* 736 F.2d 1352, 1357 (9th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985)).

■ For summary judgment, only the extrinsic test is important. A plaintiff avoids summary judgment by satisfying the extrinsic test which makes similarity of the works a triable issue of fact. *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1477 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 198, 121 L.Ed.2d 141 (1992); *Shaw,* 919 F.2d at 1359 (Where a writer satisfied the extrinsic test, the district court erred by granting summary judgment based on a subjective determination of dissimilarity under the intrinsic test.). In contrast, a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic

tests. *Brown Bag Software,* 960 F.2d at 1477.

### 2. The District Court's Finding that the Works Were Not Substantially Similar as a Matter of Law

■ Kouf contends that the district court compared the works on a purely subjective basis, thereby invading the province of the jury and misapplying *Shaw.* We disagree. The district court did not rely on the intrinsic test when it granted summary judgment in favor of Disney.

We agree with the district court that no reasonable jury could find that the works are substantially similar using the objective criteria of the extrinsic test. As the district court conscientiously outlined, "Honey, I Shrunk the Kids" and "The Formula" have substantially different plots, themes, and sequences of events: (1) whereas "Honey, I Shrunk the Kids" celebrates family values (love between spouses, parents and children, and neighbors), "The Formula" depicts the triumph of good over evil (the gangsters lose); (2) the characters in each are shrunk to different sizes (¼ inch versus 1 foot), by different means (ray gun machine versus liquid formula), for different reasons (accident versus evil thieves), with different frequency (once versus several times) and different outcomes (happy families versus dead gangsters). We attach no significance to the fact that both works involve a life struggle of kids fighting insurmountable dangers, because "[g]eneral plot ideas are not protected by copyright law...." *Berkic,* 761 F.2d at 1293 (no substantial similarity between two works about exposing a criminal organization that murders healthy people and sells the organs for transplants); *Shaw,* 919 F.2d at 1356 (Copyright law protects a writer's *expression* of ideas, not the ideas themselves.). And, we are equally unimpressed by Kouf's "compilation of 'random similarities scattered throughout the works[,]'" such as a lawnmower scene, a sprinkler scene, the presence of an attic, danger scenes, concerned parents,

---

**3.** Even though we agree with Kouf that summary judgment is "not highly favored on questions of substantial similarity in copyright cases," *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990) (citation omitted), we reject Kouf's contention that *Shaw* either prohibits summary judgment in copyright cases or creates a heightened standard.

and kids sleeping outside overnight. *Shaw*, 919 F.2d at 1362 (citing *Litchfield*, 736 F.2d at 1356).

Furthermore, the district court correctly concluded that the characters and dialogue in the two works are dissimilar as a matter of law: (1) the "Thompson" in "Honey, I Shrunk the Kids" is a concerned father and neighbor, and he is a gangster in "The Formula"; (2) the genius kid with thick-rimmed glasses in "The Formula" is not distinctive enough to be a protectible character, and resembles the film character only in general, not in detail, *see Olson v. National Broadcasting Co.*, 855 F.2d 1446, 1452–53 (9th Cir. 1988) (noting that distinctive characters such as cartoon characters may be protectible, but characters that embody little more than an unprotected idea are not); and (3) the dialogues are similar in random words, at best.

Finally, the mood, setting, and pace differ dramatically: "Honey, I Shrunk the Kids" is a light-hearted, family adventure story that takes place almost entirely at the family homes and in a 24–hour period; "The Formula" is a darker adventure that spans a series of days and depicts many locations and a shoot-out. Thus, the works are not substantially similar under the extrinsic test; Kouf has failed to demonstrate a triable issue of fact. *Cf. Shaw*, 919 F.2d at 1357–58 (two works involved a common theme, parallel plots and events sequence, and certain similar characters and dialogue, as shown by expert opinion).

AFFIRMED.