34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nora NMI LANE, Plaintiff-Appellant,
v.
UNIVERSAL CITY STUDIOS, INC., Defendant-Appellee.
 No. 93-56093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nora Lane appeals pro se the district court's summary judgment for Universal City Studios ("Universal") in Lane's action seeking damages for copyright infringement. Lane contends Universal copied her screenplay entitled "Where Have All the Soldiers Gone I" ("Soldiers") in its production of a "Kojak" television movie entitled "Fatal Flaw". We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Kouf v. Walt Disney Pictures & Television, 16 F.3d 1042, 1044 (9th Cir.1994). "Viewing the evidence in the light most favorable to [Lane], as the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id.
 
 
 4
 To establish a copyright infringement claim, a plaintiff must show that (1) she owns the copyright to the allegedly infringed work, and (2) the defendant copied protected elements of the work. Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir.1990). "Because in most copyright cases direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." Narell v. Freeman, 872 F.2d 907, 910 (9th Cir.1989). Here, it is undisputed that Lane owns the copyright to Soldiers, and Universal concedes that it had access to that work. Thus, the issue is whether Soldiers and Fatal Flaw are substantially similar. See Shaw, 919 F.2d at 1356.
 
 
 5
 In determining whether Soldiers and Fatal Flaw are substantially similar, the district court correctly applied the two-part test set forth in Shaw. See id. at 1356-57 (citing Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir.1977)). Moreover, we agree with the district court that Soliders and Fatal Flaw are not substantially similar under the "extrinsic test". See Kouf, 16 F.3d at 1045 (stating that extrinsic test is objective and focuses on similarities in specific expressive elements such as "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" (quotations omitted)). Because Lane failed to satisfy the extrinsic test, the district court properly granted summary judgment for Universal. See id. (stating that "a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests").[1]
 
 
 6
 On appeal, Lane contends the district court erred by basing its analysis on a comparison of the scripts of Soldiers and Fatal Flaw. This contention lacks merit.
 
 
 7
 Lane argues that the proper basis for comparison is the stories of the relationships between (1) the husband and wife in Soldiers and (2) Kojak's former girlfriend and her husband in Fatal Flaw. In both relationships, the husband was bisexual and was having an extramarital affair with a male lover. In Soldiers, the story ends with the husband killing his wife and then killing himself. In Fatal Flaw, Kojak discovers that his former girlfriend murdered her husband.
 
 
 8
 Copyright law does not protect an idea, but only the author's expression of the idea. See Shaw, 919 F.2d at 1356. Thus, Lane cannot claim copyright protection for the idea of a story based on the relationship between a wife and her bisexual husband. See id. Moreover, Lane's list of 27 alleged similarities between Soldiers and Fatal Flaw does not show substantial similarity of expression of that idea. Lane's list of similarities includes general plot ideas, ordinary phrases, or stock scenes, items that are not protected by copyright law. See Kouf, 16 F.3d at 1045 (general plot ideas); Narell, 872 F.2d at 911 (ordinary phrases, stock scenes). In addition, the list is a compilation of " 'random similarities scattered throughout the works,' " and therefore has limited value in determining substantial similarity. See Kouf, 16 F.3d at 1045-46 (quoting Litchfield v. Spielberg, 736 F.2d 1352, 1356 (9th Cir.1984), cert. denied, 470 U.S. 1052 (1985)).
 
 
 9
 Lane contends the district court erred by relying on a fraudulent synopsis of Soldiers submitted to the district court by Universal. This contention does not warrant reversal of the district court's judgment. The fact that Lane does not agree with Universal's synopsis of Soldiers does not render the synopsis fraudulent. Moreover, the district court's statement of uncontroverted facts indicates that the court reviewed the scripts of Soldiers and Fatal Flaw and a videotape of Fatal Flaw, and did not merely rely on Universal's synopsis. To the extent Lane contends the district court should not have reviewed the videotape of Fatal Flaw, that contention is completely lacking in merit.
 
 
 10
 Lane contends Universal failed to submit to the district court the transcript of the deposition of film critic Charles Coulombe. The record shows, however, that Lane submitted a copy of the transcript to the district court as part of her opposition to Universal's motion for summary judgment. Thus, reversal of the district court's judgment on this basis is not warranted.
 
 
 11
 Finally, Lane contends a story treatment of Soldiers containing some of the copied elements was deleted from the record. This contention lacks merit. There is no indication that the alleged story treatment was ever part of the record. Moreover, Lane has not explained why she could not have submitted a copy of the story treatment to the district court for consideration as part of her opposition to Universal's motion for summary judgment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Lane's request for oral argument therefore is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The "intrinsic test" is subjective and focuses on "whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization' or 'picturization' of the plaintiff's work." Kouf, 16 F.3d at 1045 (quotations omitted). Although the district court determined that Lane also failed to satisfy the intrinsic test, we need not review that determination because, as we stated above, Lane's failure to satisfy the extrinsic test necessarily means that summary judgment for Universal was proper. See id