34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael OSTROWSKI, Plaintiff-Appellant,
v.
CREATIVE ARTISTS AGENCY, INC.; Penta Film; Adam Venit;
Michael Menchel; Paula Wagner; William Haber;
Carolco Pictures, Inc., Defendants-Appellees.
 No. 93-55060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Ostrowski appeals pro se the district court's summary judgment in favor of Carolco Pictures Inc., and other defendants (collectively "Carolco") in his action under the Federal Copyright Act, 17 U.S.C. Secs. 501, 504. Ostrowski contends that Carolco infringed on the copyright of his screenplay "The Diogenes Syndrome" ("Diongenes"), through its involvement and distribution of the film "To Forget Palermo" ("Palermo"). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Kouf v. Walt Disney Pictures & Tel., 16 F.3d 1042, 1044 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 To prove copyright infringement, a plaintiff must demonstrate ownership of the allegedly infringed work and that the defendant copied the protected elements of the work. Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir.1991). "Because direct copying is difficult to prove, a plaintiff can satisfy the second element by demonstrating that (a) the defendant had access to the allegedly infringed work and (b) the two works are substantially similar in both idea and expression of that idea."[1] Id.
 
 
 5
 "We apply a two-part test, the extrinsic test and the intrinsic test, to compare the similarities of ideas and expression in two works." Kouf, 16 F.3d at 1045. The extrinsic test is objective and focuses on specific expressive elements such as "the plot theme, dialogue mood, setting, pace, characters, and sequence of events." Id. The intrinsic test is subjective and focuses on "whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization" or 'picturization' of the plaintiff's work." Id. (citations and quotations omitted). In determining whether summary judgment is appropriate, only the extrinsic test is important. Id.
 
 
 6
 Here, we agree with the district court that Palermo and Diogenes are not substantially similar. The screenplay for Palermo, completed by the author Gore Vidal in 1988, was based on the novel "To Forget Palermo," published in 1966. In Vidal's screenplay, a cynical New York City councilman named Carmine Bonavia, is running for Mayor and is behind in the polls. To get more public attention, he decides to advocate the legalization of drugs. Bonavia does not truly believe that drugs should be legalized but rather is using the idea to distinguish himself from his opponents. The Mafia, who have a vested interest in maintaining an illegal drug market, attempt to persuade Bonavia to change his position.
 
 
 7
 Bonavia gets married and goes to Palermo, Italy, his ancestral homeland, to celebrate his honeymoon. While there, the Mafia frames Bonavia for murder and then provides him with the evidence to absolve himself on the condition that he stop advocating the legalization of drugs. Bonavia at first agrees, but because he has begun to feel connections with his Italian ancestral roots, and desiring to be a man of principal, he ultimately refuses to cooperate. The story ends with Bonavia being murdered by the Mafia after he refuses to retract publicly his position on drug legalization.
 
 
 8
 In Diogenes, a reporter named John Reardon is assigned to write a story advocating a drug crackdown. During his investigation, however, Reardon realizes that the problem is not drugs, but the fact that they are illegal. Reardon then writes a story that essentially advocates drug legalization. The newspaper's editor tells him he must change the story but Reardon refuses to do so and quits. Reardon's girlfriend submits the story to a rival paper which publishes it. As a result, Reardon becomes an overnight celebrity. A significant portion of the screenplay involves Reardon's appearance on the Phil Donahue show during which he expounds on the societal benefits of drug legalization. The Mafia decides to frame Reardon for murder, but Reardon is able to clear himself of the charges, and in the process becomes a hero. The screenplay ends with Reardon driving to the White House to meet the President.
 
 
 9
 The only theme Diogenes and Palermo share in common is that organized crime has a vested interest in preventing drug legalization. Whereas Diogenes focuses on the societal benefits of legalizing drugs, however, Palermo focuses on Bonavia's process of self-discovery, with the idea of drug legalization serving mainly as a backdrop. Accordingly, the two works do not, overall, share similarities of ideas. Moreover, we find no expressive similarities in either the plot, dialogue, mood, setting, pace, characters or sequence of events. See Kouf, 16 F.3d at 1045. Given these circumstances, the district court did not err by granting summary judgment for the defendants.[2] See id. at 1044.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the two works are not substantially similar, we need not consider whether defendants had access to Ostrowski's screenplay
 
 
 [2]
 We deny as unnecessary the parties' motions to transmit the exhibits from the district court