**3D, LTD., Plaintiff—Appellant,**

v.

**SPECTRATEK TECHNOLOGIES, INC., Defendant—Appellee.**

**3D, Ltd., Plaintiff—Appellant,**

v.

**Spectratek Technologies, Inc., Defendant—Appellee.**

**No. 01–56604, 01–56787.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided July 18, 2002.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and KING, District Judge.*

### MEMORANDUM **

Summary judgment is appropriate under the "extrinsic test" if no reasonable jury could find substantial similarity of protectable expression. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045–46 (9th Cir.1994). Because 3D has presented evidence of Spectratek's access to its pattern, we require less proof of substantial similarity. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996).

Each pattern consists of overlapping polygons. That similarity, however, is an unprotectable idea, not protectable expression. *Cf. Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 208–09 (9th Cir.1988); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir.1971). The patterns are otherwise quite dissimilar. The 3D–24 pattern has a clearly visible repeating rectangular structure. Within each rectangle, the polygons are radially arrayed in wedge-shaped sections. The Crystals pattern, by contrast, has no observable repetitive geometry. The two patterns do have similar, though not identical, polygon size and density, but those similarities are dwarfed by the pronounced differences between the two designs. They therefore fail to raise a triable issue. *Cf. Kouf,* 16 F.3d at 1045–46.

We need not consider whether the district court abused its discretion in denying leave to file a second amended complaint because 3D's claim as to the 3D–26 pattern fails for the same reasons.

The court did abuse its discretion by awarding attorney's fees. It held that 3D's claims were frivolous, objectively unreasonable and motivated by anticompetitive purposes. It also relied on 3D's "pattern of misinformation [during discovery] concerning the identity of the pattern at issue."

Although we reject 3D's claims, we do not find them frivolous or objectively unreasonable. Nor were they improperly anticompetitive merely because 3D overestimated the scope of its copyright. 3D's discovery infractions do not alone justify the award. Awards of attorney's fees under 17 U.S.C. § 505 must advance the purposes of the Copyright Act. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). An award based solely on discovery

---

* The Honorable Samuel P. King, United States Senior District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violations would not do so to any material degree.

Each party shall bear its own costs.

**AFFIRMED** in part, **REVERSED** in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.