**Paula Kandace TOLIVER, Plaintiff—Appellant,**

v.

**SONY MUSIC ENTERTAINMENT, INC., Defendant—Appellee.**

No. 01–35586.

D.C. No. CV–01–00033–A–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Sept. 27, 2002.

Before BEEZER, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM *

Summary judgment is appropriate on a copyright infringement claim under the "extrinsic test" if no reasonable jury could find substantial similarity of protectable expression. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). In this case, the two works bear similar titles and are narrated by a woman. The lyrics, however, are dissimilar. *Independent Lady* has as its story a central "incident"—a last straw convincing a woman to assert her emotional independence. By contrast, *Independent Women (Part I)* says nothing about a committed relationship; instead the lyrics of *Independent Women (Part I)* depict an encounter-based connection between the narrator and both a particular man and men in general.

The themes of the two works are also quite different. The theme of *Independent Lady* is of a woman striving for emotional independence from a relationship with a significant history. This is not substantially similar to the theme of *Independent Women (Part I)*, which is of a financially independent woman encouraging other women to support themselves so that they will not be financially dependent on a man or men.

In sum, the lyrics are dissimilar in both structure and substance. As *Kouf* illustrated, when works are so dissimilar, it is appropriate to grant summary judgment to the defendant in an infringement action because no reasonable trier of fact could find substantial similarity. *Id.*

Sony also argues that attorneys' fees should be awarded on appeal. In deciding whether to award attorneys' fees under 17 U.S.C. § 505 we consider: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir.1996). Although we reject Toliver's claims, we conclude that the circumstances do not warrant an award of attorneys' fees or sanctions on appeal.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

