**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEBORAH NOVAK, JOHN WITEK, AND WITEK & NOVAK, INC., | No. 08-56957 |
| Plaintiffs–Appellants, | D.C. No. 2:07-cv-04000-GAF-PLA |
| v. | |
| WARNER BROS PICTURES, LLC, et al., | MEMORANDUM[*] |
| Defendants–Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted March 4, 2010[**]
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

Deborah Novak, John Witek, and Witek & Novak, Inc., (collectively, the

"Producers") hold the copyright in *Ashes to Glory*, a documentary film that

portrays the rebuilding of Marshall University's football program after it lost all

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

but a handful of its players, coaches, and prominent supporters in a disastrous plane crash in 1970. The Producers brought this action against Warner Brothers Pictures and several related parties (collectively, "Warner Brothers"), alleging copyright infringement, breach of contract, and unfair competition, all in connection with the Warner Brothers' subsequent production of the allegedly infringing work, the dramatic film *We Are Marshall*. *We Are Marshall* is based on the same historical facts as *Ashes to Glory*. The district court granted summary judgment in favor of Warner Brothers on all claims. The Producers timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Upon *de novo* review, *see Funky Films, Inc. v. Time Warner Entm't Co.,* 462 F.3d 1072, 1076 (9th Cir. 2006), we affirm.

Proof of infringement in this case requires a fact-based showing that *We Are Marshall* and *Ashes to Glory* are "substantially similar." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (quoting *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)). The district court, for its part, conducted a meticulous, almost frame-by-frame analysis of the two works and concluded that the Producers had failed to raise a triable issue of substantial similarity. Having reviewed the two works ourselves, we agree with the district court that the works are not substantially similar.

It is true that the same historical facts underlie both productions, but historical facts are not protected by copyright. *See*, *e.g.*, *Narell v. Freeman*, 872 F.2d 907, 910-11 (9th Cir. 1989). The issue for purposes of summary judgment is whether the Producers raised a triable issue of substantial similarity between *We Are Marshall* and the protected expression in *Ashes to Glory*. That issue is determined by applying an "extrinsic" test, which "focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in the two works." *Funky Films*, 462 F.3d at 1077 (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). Except for matters of historical fact, these elements of the two works before us are not substantially similar, as the district court explained in detail. Contrary to the Producers' claims, we conclude that the district court did compare the "actual concrete elements" between the two works, rather than mere plot ideas. *Narell*, 872 F.2d at 912.

The Producers contend that the district court imposed an improperly severe standard of infringement when it quoted *Narell* for the proposition that "[h]istorical facts and theories may be copied, as long as the defendant does not 'bodily appropriate' the expression of the plaintiff." *Narell*, 872 F.2d at 910–11 (quoting *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 489 (9th Cir.

3

1984)). But neither *Narell* nor the district court substituted a "bodily appropriation" standard for the "substantial similarity" standard. *See id.* at 912–13. Although allowances necessarily must be made for permissible similarity in relating unprotected facts, *see Landsberg*, 736 F.2d at 488–89, the substantial similarity standard of infringement has long been and remains the law of this circuit. *See, e.g.*, *Funky Films, Inc.*, 462 F.3d at 1076–77. The district court properly applied that standard in conducting its analysis.

The Producers also rely on the fact that Warner Brothers had total access to *Ashes to Glory* before producing *We Are Marshall*. The Producers rely on the "inverse ratio" rule, which ostensibly lessens the quantum of proof required to show copying when the plaintiff can show that the defendant had a "'high degree of access'" to the protected work. *Three Boys Music Corp.*, 212 F.3d at 485 (quoting *Smith*, 84 F.3d at 1218). This proposition does not aid the Producers here, however, because "[n]o amount of proof of access will suffice to show copying if there are no similarities" between the protected expressions in the two works. *Funky Films*, 462 F.3d at 1081 (citation and internal quotation marks omitted). Even under a relaxed standard, the requisite similarities must be "concrete or articulable" to satisfy the extrinsic test. *Id.* at 1081–82. In this case, the only concrete or articulable similarities between *Ashes to Glory* and *We Are Marshall*

4

consist of unprotectable scènes à faire, *see Smith*, 84 F.3d at 1216, and historical facts, which, like all facts, whether "scientific, historical, biographical, [or] news of the day[,] . . .' may not be copyrighted and are part of the public domain available to every person.'" *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 347–48 (1991) (quoting *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1369 (5th Cir. 1981)). The Producers also argue that evidence of substantial similarity can be shown in the same sequencing of events in the two films, especially in the two works' opening montages. Upon reviewing the films, we conclude that the two films do not contain the same sequencing of events: even in the two films' opening sequences, *Ashes to Glory* differs significantly from *We Are Marshall* by including the film's title and many additional shots of the town of Huntington and the university campus. The Producers have failed to raise a triable issue of substantial similarity, and the district court did not err in entering summary judgment for Warner Brothers on the copyright infringement claim.

The Producers next argue, on various grounds, that the district court committed error in granting summary judgment for Warner Brothers on the breach-of-contract claims. We have considered those arguments and find them meritless. The evidence conclusively establishes that, when negotiations broke off, the parties had not reached agreement on the purchase price. "'The failure to reach a meeting

5

of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract.'" *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 704 (Cal. Ct. App. 2006) (quoting *Banner Entm't, Inc. v. Superior Court*, 72 Cal. Rptr. 2d 598, 604 (Cal. Ct. App. 1998)) (brackets and emphasis omitted). No rational jury could find that a contract was entered between the Producers and Warner Brothers. Nor have the Producers produced evidence of disclosure of their work under conditions that would permit a jury to find an implied contract under the rule of *Desny v. Wilder*, 46 Cal. 2d 715, 738–39 (1956).[1] Accordingly, the judgment of the district court is

**AFFIRMED.**

---

[1] As the Producers recognize, their unfair competition claim depended on their establishing their copyright or contract claims.