**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK GABLE, an individual, | Nos. 10-55420 and 10-56395 |
| Plaintiff - Appellant, | D.C. No. 2:08-CV-04013-SVW-FFM |
| v. | |
| NATIONAL BROADCASTING COMPANY, INC., a California corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 7, 2011[**]
Pasadena, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, Sioux Falls, sitting by designation.

Mark Gable ("Gable" or "appellant") appeals the district court's grant of summary judgment in favor of National Broadcasting Company ("NBC"), Gregory Garcia ("Garcia"), Twentieth Century Fox Film Corporation, and Twentieth Century Fox Home Entertainment LLC (collectively, "defendants" or "appellees") in this copyright infringement action. We review a district court order granting summary judgment de novo. *See Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gable claims that defendants infringed his copyright in the screenplay *Karma!* when they created the television program called *My Name is Earl* ("*Earl*"). To establish copyright infringement, Gable must show that (1) defendants had access to his work and (2) *Karma!* and *Earl* are substantially similar in protected expression. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). Because Gable failed to raise a genuine issue of material fact regarding substantial similarity, we need not address the issue of access.

To determine whether two works are substantially similar for the purposes of summary judgment, courts in the Ninth Circuit use the "extrinsic test," which measures the "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Id*. (quotation omitted). A party claiming infringement may place "no reliance upon any similarity in expression

2

resulting from unprotectable elements." *Id*. (quotation omitted). "Similarities derived from the use of common ideas," for example, cannot be protected. *Id*. at 1175 (quotation omitted). Relatedly, the doctrine of *scènes à faire* holds that "expressions indispensable and naturally associated with the treatment of a given idea are treated like ideas and are therefore not protected by copyright." *Id*. (citation and internal quotation marks omitted).

Because "no reasonable juror could find substantial similarity of ideas and expression" between *Karma!* and *Earl*, the district court did not err in granting summary judgment for the defendants. *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (citation and internal quotations marks omitted). The mere fact that *Karma!* and *Earl* both deal with the ideas of karma and redemption does not constitute infringement. *Rice*, 330 F.3d at 1175; *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (attaching "no significance" to the fact that two works involved kids fighting insurmountable dangers). Likewise, there is no infringement stemming from the copying of a "selection and arrangement" of otherwise unprotectable elements, as in *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002), because *Karma!* and *Earl* do not involve the "same totality of similarities and the same degree of access." *Rice*, 330 F.3d at 1179; *see also Funky Films*, 462 F.3d at 1081 n.4. The

3

superficial points of comparison between *Karma!* and *Earl*, gleaned haphazardly from three seasons of the television series, do not rise to the level of substantial similarity.

The district court also did not err in excluding expert testimony from David Nimmer and Eric Sherman.[1] Some of Nimmer's testimony contained inadmissible legal conclusions. *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). According to the district court, although each were recognized to have a separate area of expertise, both Nimmer and Sherman also failed to establish that they had "knowledge, skill, experience, training, or education" relevant to the evidence at issue. Fed. R. Evid. 702. Determinations of whether a particular witness has such expertise is "peculiarly within the sound discretion of the trial judge" and reviewing courts afford "a high degree of deference to the district court's findings." *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000) (citations and internal quotation marks omitted). The district judge in this case did not abuse his discretion in excluding Nimmer's and Sherman's testimony.

Finally, the district court did not err in awarding attorneys' fees to the defendants. Section 505 of the Copyright Act provides that the district court may

---

[1] We review a district court's exclusion of expert testimony for abuse of discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997).

4

"award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  A district court's order awarding attorneys' fees under the Copyright Act is reviewed for abuse of discretion.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001).  Here, the district court considered, among other things, that its award of attorneys' fees "encourages valid copyright owners, such as Garcia, to fight for the protection of their works where it would otherwise be uneconomical to do so."   The award also "helps to prevent the filing of similarly meritless copyright actions" in the future.  Under these circumstances, the district court did not abuse its discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 531, 534 & n.19 (1994).

**AFFIRMED.**