**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOLD GLOVE PRODUCTIONS, LLC, a California Limited Liability Company and RYAN A. BROOKS, an individual, | No. 14-55797 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-07247-DSF-RZ |
| v. | MEMORANDUM* |
| DON HANDFIELD, an individual; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Ryan A. Brooks and his company, Gold Glove Productions, LLC, appeal the

district court's grant of summary judgment to defendants in their action under the

Copyright Act against Warner Brothers Pictures, Inc., and other defendants.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Brooks and Gold Glove allege that the motion picture *Trouble with the Curve*, which depicts a father-daughter baseball story, infringed their registered copyright in the screenplay *Omaha*. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's ruling on summary judgment de novo. *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010). We affirm.

To prevail on a copyright claim, a plaintiff must show "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Copying may be established by a showing that the defendant had access to the plaintiff's work and that the two works are substantially similar. *Benay*, 607 F.3d at 624. To establish substantial similarity, the plaintiff must satisfy both the extrinsic test and the intrinsic test. *Id.* The extrinsic test is an objective comparison of specific expressive elements, and the intrinsic test is a subjective comparison that focuses on whether an ordinary, reasonable audience would find the works substantially similar in total concept and feel. *Id.* A plaintiff who fails the extrinsic test cannot survive summary judgment. *Id.*

The district court correctly applied the extrinsic test, focusing on "'articulable similarities between the plot, themes, dialogue, mood, setting, pace,

characters, and sequence of events in the two works.'" *Id*. (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). First, the plots and sequences of events of the two works are quite different. The general plot idea of a father-daughter baseball story is not protectable as a matter of copyright law. *See Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002). Just as importantly, the two stories are different in numerous and essential respects.

In analyzing plot and sequence of events, the district court did not abuse its discretion in discounting the expert opinions. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003). A lay person can easily see that the two stories, although dealing with the same general subject matter, are quite different.

The shared themes of *Omaha* and *Trouble with the Curve*—father-daughter reconciliation, the breaking down of emotional barriers, the importance of family, and pitting old school ways against new ones—are commonplace in father-daughter stories and in sports movies. *See Benay*, 607 F.3d at 627. The themes are not original, protectable elements of the two works. They are scènes-à-faire. *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002).

Finally, the setting, mood, and pace of *Omaha* and *Trouble with the Curve* are obviously different, as is the dialogue. *See Benay*, 607 F.3d at 628; *Kouf*, 16 F.3d at 1046.

3

We affirm the district court's conclusion that, under the extrinsic test, the works were not substantially similar. *See Benay*, 607 F.3d at 624.

**AFFIRMED.**