**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARILYN PARVER, | No. 14-15290 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01186-GMN-PAL |
| v. | |
| JET BLUE AIRLINES CORPORATION; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; MAURICE RODRIGUEZ-GALLAR, Officer; JOHNATHAN ANKENY, Officer; FAWN DOE, Jet Blue Airlines Flight No. 129; CAPTAIN DOE, Jet Blue Airlines Flight No. 129; DISPATCHER DOE, Jet Blue Airlines; AGENT DOE, Las Vegas Airport Agent of Jet Blue Airlines, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Marilyn Parver appeals the district court's separate orders awarding summary judgment to JetBlue Airways Corporation[1] ("JetBlue") and to the Las Vegas Metropolitan Police Department ("LVMPD") and two of its officers in a suit arising from an alleged arrest at the end of a cross-country flight. We affirm on the claims against the LVMPD, and affirm on the claims against JetBlue except that we reverse and remand in part on the false arrest and false imprisonment claims against JetBlue.

In response to an alert from JetBlue that a passenger on an arriving flight was interfering with flight safety, was possibly intoxicated, was taking photos of sensitive areas, and was not following orders from the flight crew, LVMPD officers boarded the arriving plane at the gate and removed Parver. It is disputed whether Parver was placed under arrest by the LVMPD officers on the plane or was subjected to brief detention pursuant to an investigative stop.[2] Parver claims

---

[1] JetBlue was incorrectly named as "Jet Blue Airlines Corporation" in these proceedings.

[2] Parver asserts that a second arrest—for violation of an airport disorderly conduct ordinance in the airport terminal after she had been removed from the plane—supported all of the same claims. The district court correctly awarded summary judgment to all of the defendants on all of these claims because the second arrest was lawful.

she was handcuffed, but the LVMPD officers testified to the contrary. Parver contends a flight attendant falsely reported her behavior, and sought to prevent her from posting an embarrassing video of the attendant's interaction with passengers on YouTube. In the summary judgment posture, we view the facts in the light most favorable to Parver. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1044 (9th Cir. 1994).

We need not determine whether the removal was an unconstitutional arrest because the LVMPD officers' conduct did not violate any "clearly established" law, and they were therefore entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that courts need not determine whether there is an unconstitutional action before proceeding to the "'clearly established' prong" of the qualified immunity inquiry). An officer is entitled to qualified immunity in the case of an unlawful arrest when "a reasonable officer in [the officer]'s position would have believed that he had probable cause to arrest. . . ." *Burrell v. McIlroy*, 464 F.3d 853, 857-58 (9th Cir. 2006). We examine the "particularized facts known by the officers at the time of the encounter" to determine whether a "reasonable officer could have believed that his conduct was justified." *Id.* (quoting *Reynolds v. San Diego Cty.*, 84 F.3d 1162, 1170 (9th Cir. 1996)) (internal quotations omitted). Whether Parver's removal from the plane is considered an arrest or an

investigative stop, *see Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996), the LVMPD officers could have reasonably believed that they were constitutionally justified in removing Parver from the plane where there was an alert from the JetBlue flight crew of illegal activity and flight safety issues. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The district court did not err in awarding summary judgment to the individual officers on Parver's unlawful arrest claims under 42 U.S.C. § 1983.

Parver's remaining § 1983 claims for excessive force against Officer Rodriguez-Gallar and for municipal liability against the LVMPD under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), fail because there was insufficient evidence to support either claim.

The district court also did not err in awarding summary judgment to the LVMPD officers on Parver's state claims against the officers for false arrest, false imprisonment, and negligence because the officers' actions were covered by Nevada's discretionary immunity statute. *See* Nev. Rev. Stat. § 41.032; *see also Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1168-69 (9th Cir. 2014). And, although discretionary immunity does not extend to liability for civil conspiracy because intent to accomplish an illegal objective would rise to the level of "willful or deliberate disregard for the rights of a particular citizen," *Davis v.*

4

*City of Las Vegas*, 478 F.3d 1048, 1060 (9th Cir. 2007), there was insufficient evidence to create a triable dispute on the element of mutual intent on the part of either the LVMPD officers or JetBlue employees. *See GES, Inc. v. Corbitt*, 21 P.3d 11, 14-15 (Nev. 2001) (per curiam). Therefore, we affirm summary judgment in favor of the LVMPD officers and JetBlue on Parver's civil conspiracy claim.

We also affirm the district court's award of summary judgment in favor of JetBlue on Parver's § 1983 claims because JetBlue was not a joint state actor with the LVMPD officers. In considering whether there is joint state action, the court considers "whether 'the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity.'" *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003)). Here, "Blue Watch" sent an alert to the police and the flight crew pointed Parver out when the officers boarded the plane, which, without more, is insufficient to create a triable question on joint state action. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008).

We also affirm the district court's award of summary judgment on Parver's negligence claim under Nevada law. By failing to address it in her opening brief, Parver waived any argument that she established sufficient injury for a negligence

5

claim, and thus this claim was properly dismissed. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We reverse the district court's award of summary judgment in favor of JetBlue only on Parver's false arrest and false imprisonment claims under Nevada law. Causation necessary to prove a false arrest or false imprisonment claim exists under Nevada law where "the defendant instigated or effected an unlawful arrest," *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988). Here, there were triable disputes whether there was an arrest when LVMPD officers removed Parver from the airplane and whether JetBlue caused this claimed arrest by lying to and improperly influencing the police.

Contrary to the district court's finding, these claims are not preempted by federal law. While the Federal Aviation Act ("FAA") and Federal Aviation Administration regulations generally occupy the field of aviation safety regulation, *see Montalvo v. Spirit Airlines*, 508 F.3d 464, 471-72 (9th Cir. 2007), we have since clarified that the "FAA is not broadly field-preemptive of state tort suits," *see Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1004 (9th Cir. 2013); *see also Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 809-10 (9th Cir. 2009) (clarifying that *Montalvo* did not hold that the FAA preempts "all personal injury claims by airline passengers"). The "essential field preemption

6

inquiry is whether the density and detail of federal regulation merits the inference that any state regulation within the same field will necessarily interfere with the federal regulatory scheme." *Nat'l Fed. of the Blind v. United Airlines, Inc.*, 813 F.3d 718, 734 (9th Cir. 2016). In its preemption analysis, the district court relied on federal regulations that make it illegal to interfere with flight crew and give the pilot discretion to respond to emergencies. *See* 14 C.F.R. §§ 91.3, 91.11. These regulations vest the flight crew with authority to fly a plane however they deem necessary to promote safety; however, they do not amount to "pervasive" regulations of passenger management with respect to Parver's claimed intentional torts alleging injury from the misuse of authority. *Gilstrap*, 709 F.3d at 1006. Because the false arrest and false imprisonment claims are not field preempted, and involve triable issues of fact, we reverse and remand on these claims.

To summarize, we affirm the judgment on all claims against LVMPD, the two officers, and JetBlue, except for the grant of summary judgment to JetBlue on the state false arrest and false imprisonment claims stemming from the claimed arrest on the airplane. The judgments as to these claims are reversed and remanded.

Each party shall pay its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART.**

7