NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California corporation, | No. 17-56239 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05824-RGK-SK |
| v. | |
| BURLINGTON STORES, INC., a New Jersey corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,[**] District Judge.

In this copyright infringement case involving fabric designs, Neman

Brothers & Associates, Inc. ("Neman") appeals the district court's grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

summary judgment in favor of defendants Burlington Stores, Inc. and One Step

Up, Ltd. We review de novo a district court's grant of summary judgment. *L.A.*

*Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).

"[S]ummary judgment is appropriate if the court can conclude, after viewing the

evidence and drawing inferences in a manner most favorable to the non-moving

party, that no reasonable juror could find substantial similarity of ideas and

expression." *Narell v. Freeman*, 872 F.2d 907, 909–10 (9th Cir. 1989).

A plaintiff must show unlawful appropriation in order to establish copyright

infringement. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018).

A plaintiff can do so by showing that the alleged infringing work is substantially

similar to the copyrighted work under both the "extrinsic test" and "intrinsic test."

*Id.* at 1118. "The extrinsic test assesses the objective similarities of the two works,

focusing only on the protectable elements of the plaintiff's expression." *Id.*

The district court properly concluded that no reasonable juror could find that

the designs are substantially similar under the extrinsic test.[1] While there are some

objective similarities between the fabric designs at issue, the similarities are not

substantial. Indeed, the defendants submitted an expert report opining that the

---

[1] We do not reach the issue of whether the designs are substantially similar under the intrinsic test because "a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

designs were not substantially similar, and Neman failed to controvert this evidence.

Neman's remaining arguments in support of reversal are unavailing. Neman argues that the district court erred by failing to apply the "inverse ratio rule." But that rule is not applicable in proving unlawful appropriation, which is the only issue before us. *See Rentmeester*, 883 F.3d at 1124.

For the first time on appeal, Neman argues that we should apply the "fragmented literal similarity" test to determine whether the designs are substantially similar. We do not address this argument because Neman waived it. *See Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010))). Further, Neman fails to show that the general waiver rule should not apply here.

**AFFIRMED**.