

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRETTY IN PLASTIC, INC.,

               Plaintiff-Appellant,

    v.

MARYELLIS BUNN; 1AND8, INC.,
DBA Museum of Ice Cream,

               Defendants-Appellees.

No.   19-55278

D.C. No.
2:18-cv-06091-GW-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 6, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

    Plaintiff Pretty in Plastic, Inc. (PIP) appeals the district court's grant of

defendants Maryellis Bunn and 1AND8, Inc.'s Federal Rule of Civil Procedure

12(b)(6) motion to dismiss PIP's copyright infringement action.  Because the

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the grant of a Rule 12(b)(6) motion to dismiss as well as legal determinations, such as the appropriate scope of copyright protection. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116 (9th Cir. 2018). We review for abuse of discretion a district court's dismissal without leave to amend. *Id.* at 1125.

To state a claim for copyright infringement, PIP must plausibly allege: (1) that it owns a valid copyright in the Design Proposal, and (2) that defendants copied protected aspects of PIP's expression. *Id.* at 1116–17. "[T]he second element has two distinct components: 'copying' and 'unlawful appropriation.'" *Id.* at 1117 (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164–65 (9th Cir. 1977)). To prove unlawful appropriation, PIP must show that "the similarities between the two works [are] substantial and . . . involve protected elements of [its] work." *Id.* (internal quotations omitted). This involves a two-part analysis consisting of an "extrinsic test" and an "intrinsic test." *Id.* at 1118. PIP must satisfy both, but "[o]nly the extrinsic test's application may be decided by the court as a matter of law." *Id.*

The district court properly concluded that the unicorn depiction over which PIP asserted copyright protection did not contain the "quantum of originality

2

needed to merit copyright protection," because it depicts a unicorn as the mythical creature is often portrayed. *See Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003). The district court further properly concluded that, even if there were certain copyrightable elements of PIP's design, the copyright protection would be "thin," meaning that protection would be afforded "against only virtually identical copying." *Id.* at 812. Given that the copyright protection here was—at best—"thin," and that there are notable differences between the unicorn and rainbow elements in the Design Proposal and those in the Rainbow Room, the district court did not err in concluding that there was no infringement as a matter of law. The record supports the conclusion that there were "disparities that no ordinary observer of the two works would be disposed to overlook." *Rentmeester*, 883 F.3d at 1122.

The district court did not err by dismissing the case with prejudice because any further amendment to PIP's complaint would be futile. Copyright infringement is not ordinarily resolved on the pleadings, and judgment as a matter of law on questions of substantial similarity is "not highly favored." *L.A. Printex Indus. Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012) (quoting *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990)). However, this case presents a rare exception because "no reasonable juror" could find that "substantial similarity

3

of ideas and expression" exists between the two works. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). Therefore, the district court did not err in concluding that further amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**AFFIRMED.**