**CELLULAR ACCESSORIES FOR LESS, INC., a California corporation, Plaintiff,**

v.

**TRINITAS LLC, a Texas limited liability company; David Oaks, an individual, Defendants.**

**Case No. CV 12–06736 DDP (SHx).**

United States District Court, C.D. California.

Signed Nov. 5, 2014.

Daniel C. Cotman, Obi Ian Iloputaife, Rasheed McWilliams, Saussee Moghoyan, Cotman IP Law Group PLC, Pasadena, CA, for Plaintiff.

Daniel C. Lapidus, Lapidus and Lapidus APLC, Beverly Hills, CA, Melanie J. Cogburn, Haddad Legal Group, Austin, TX, for Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DEAN D. PREGERSON, District Judge.

Presently before the court is Defendants Trinitas LLC and David Oakes's Motion

for Summary Judgment. Having considered the submissions of the parties, the court denies the motion in part and grants it in part and adopts the following order.

## I. Background

Plaintiff Cellular Accessories for Less, Inc. ("CAFL") and Defendant Trinitas LLC ("Trinitas") both sell mobile phone accessories on the internet. Defendant David Oakes is Plaintiff's former employee and the founder of Trinitas. (Complaint ¶¶ 12 & 16, Dkt. No. 1.)

Plaintiff owns and operates a website that contains extensive descriptions for approximately 10,000 products. (Id. ¶ 9;Dec. of R. Morrison ¶ 2.) Plaintiff provides product descriptions that go beyond the product specifications provided by manufacturers. (Dec. of R. Morrison ¶ 3.) Plaintiff alleges these extended product descriptions give it a competitive advantage because they provide accurate, detailed content and therefore allow its customers to make informed purchasing decisions. (Id.)

To produce these product descriptions, Plaintiff employs individuals to add extra text to the basic product specifications and facts provided by the manufacturers. (Dec. of R. Morrison ¶ 7.) Specifically, Plaintiff alleges that website manager Ryan Morrison authored the text under the "Bluetooth Headset Benefits" heading found on the product description page for the M155 Marque Voice Controlled Bluetooth Wireless Headset ("M155"). (Dec. of R. Morrison ¶ 10.) The same text under the Bluetooth Headset Benefits heading was duplicated on Defendants' website. (Id. ¶ 20.) The same text was also found on another cellular accessory company's website. (Dec. of M. Cogburn Ex. A at p. 114:5–25, 115:1–12.)

Plaintiff identifies 971 product descriptions it alleges Defendants copied. (Complaint Ex. B, Dkt. No. 1.) In addition to these product descriptions, Plaintiff asserts that Defendants also duplicated the Frequently Asked Questions ("FAQ") section. (Dec. of R. Morrison ¶ 21.)

On May 18, 2012 and July 17, 2012, Plaintiff's counsel sent Digital Millennium Copyright Act ("DMCA") notification correspondences to the web host for Defendants' website listing 49 product descriptions that Plaintiff identified as its copyrighted works. (Dec. of M. Cogburn Ex. A, Exs. 4–5 of Langstein Deposition.) These notices demanded that the web host for Defendants' website immediately take down the web content that infringed upon Plaintiff's copyright. (Id.) Plaintiff's President, Mitchell Langstein, reviewed and authorized these DMCA notices. (Dec. of M. Cogburn Ex. A at p. 104:20–22, 106:11–23.)

After Defendants received these DMCA notices, they began to change the product descriptions mentioned in the notices to keep its website alive. (Dec. of M. Cogburn ¶ 4.) At that time, Defendants also removed and changed the FAQ and Corporate Account section. (Id.) On August 6, 2012, Plaintiff was issued Copyright Registration No. TX 7549240, which covers the CAFL website and its content, including the product descriptions. (Dec. of M. Cogburn ¶ 3, Ex. B; Dec. of R. McWilliams ¶ 2, Ex. A.) That same day, Plaintiff filed this action seeking injunctive relief against Defendants for copyright infringement. (Complaint ¶ 1, Dkt. No. 1.) Plaintiff also raised other causes of action that are not at issue here. (Id.)

In this motion for summary judgment, Defendants seek summary judgment on the copyright infringement claim, arguing that Plaintiff does not own a valid copyright and that Plaintiff does not possess

any protectable interest in what has allegedly been infringed.

## II. Legal Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ "Although summary judgment is not highly favored on questions of substantial similarity in copyright cases, summary judgment is appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find substantial similarity of ideas and expression." *Narell v. Freeman*, 872 F.2d 907, 909–10 (9th Cir.1989). "Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper." *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir.1990).

## III. Discussion

■ "To establish [copyright] infringement, two elements must be proven: (1)

ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

### A. Ownership of a valid copyright

■ "[A] certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir.1990). Defendant may rebut the presumption of copyrightability by showing that the plaintiff's work is not original. *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir.1992). To be original, "[a]ll that is needed to satisfy both the Constitution and the statute is that the 'author' contributed something more than a 'merely trivial variation, recognizably 'his own.' '" *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1163 n. 5 (9th Cir.1977), *superseded on other grounds by* 17 U.S.C. § 504(b) (quoting *Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 102–03 (2d Cir.1951)). "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." *Feist*, 499 U.S. at 345, 111 S.Ct. 1282.

Plaintiff holds a certificate of copyright registration for the contents of the CAFL website, including the product descriptions and the FAQ section. (Dec. of M. Cogburn ¶ 3, Ex. B; Dec. of R. McWilliams ¶ 2, Ex. A.) Thus, Plaintiff has provided prima facie evidence of owning a valid copyright. However, Defendants dispute the validity of Plaintiff's copyright. Specifically, Defendants argue that Plaintiff did not author the product descriptions on the CAFL website, but that these descriptions came from the manufacturer. To the

degree that Plaintiff edited, rearranged or modified the product descriptions, Defendants argue that the edits are not sufficiently original to warrant copyright protection. (Mot. Summ. J. at 7:14–18.)

 Such general allegations are not sufficient to shift the burden to Plaintiff to prove that its work is original. Defendant argues that "Plaintiff must present and outline the exact elements of similarity after deleting all 'unprotectable elements....' " (Reply at 2:16–17.) This is an incorrect statement of the burden. As the Ninth Circuit has explained,

> [A] defendant may challenge the originality of a plaintiff's [work] by showing that it is in fact a copy of a preexisting one.... [I]n order to establish that the plaintiff copied a preexisting work, a *defendant must show ... that plaintiff's work is substantially similar to the prior work* in both ideas and expression.

*N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033–34 (9th Cir.1992) (emphasis added). Thus the burden is clearly on Defendants, both as the summary judgment movants and as the parties relying on the non-originality defense, to show that Plaintiff's work is non-original by comparing it to preexisting works—e.g., the manufacturer's descriptions. If Defendants could show conclusively that Plaintiff had copied large portions of the allegedly copyrighted material, and that what remained afterward was trivial, it could succeed on its summary judgment. *See, e.g., Excelligence Learning Corp. v. Oriental Trading Co.*, C 03–4947 JF, 2004 WL 2944048 (N.D.Cal. Dec. 20, 2004) ("The Court concludes that when the unprotectable elements are filtered out, and only the protectable elements are considered, no reasonable trier of fact could find that the catalogs are substantially similar.").

Plaintiff identifies, in a side-by-side comparison, 971 product descriptions it alleges Defendants copied. (Complaint Ex. B, Dkt. No. 1.) However neither party has done the work, described by Defendants as "onerous and burdensome," (Reply at 2:15), of separating out the protectable elements from the allegedly non-protectable ones in all 971 product descriptions. As discussed above, the burden to do so falls to the Defendants.

Defendants have presented some evidence to show that the product description of the M155 Bluetooth Headset contains some non-original elements. In a deposition, Mitchell Langstein admitted that the product description starting with the words "sleek and lightweight" and ending with "the smart way to connect with your smartphone" as well as the product description under "Product Features" starting with "[t]he easiest way to answer handsfree," and down to "excellent sound quality and amazing lightweight design" appeared to be an exact copy of those found on the manufacturer's website. (Dec. of M. Cogburn Ex. A at p. 112:13–25, 113:1–5.) Plaintiff does not appear to dispute that these sections are not original.

 Apart from that portion of the M155 product description, however, Defendants have not demonstrated that the product descriptions—all of which are the subject of registered copyright, and so presumptively protectable—are non-original and therefore non-protectable. Thus, Defendants have not "identified those portions of the pleadings ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

Plaintiff also argues that the formatting and arrangement of facts under the headings "Specifications," "Included Parts," "Accessories/Replacement Parts" and "Product Documentation" are entitled to copyright protection. Ryan Morrison

states that "[t]his arrangement of facts within these sections was not done alphabetically or based on any other party" and that "the arrangement and selection of facts to include in these sections was based on the standard format that I personally developed for Cellular." (Dec. of R. Morrison ¶ 17.) Defendants do not appear to dispute Plaintiff's claim that one of its employees independently chose to select and format the facts under those headings. Thus, to the extent that Plaintiff's employee selected and arranged the facts under the heading, Defendants have not shown Plaintiff did not exercise the minimal degree of creativity that is required for copyright protection. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) ("Factual compilations ... may possess the requisite originality. The compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data.... These choices ... are sufficiently original.")

Finally, Plaintiff argues that the FAQ section of its website is entitled to copyright protection. The FAQ consists of questions about Plaintiff's products and brief answers. Defendants do not dispute Plaintiff's claim that the FAQ section is original and protectable.

In short, there are genuine issues of fact as to the originality of the product description texts, the arrangement of the facts under certain headings on the product description pages, and the FAQ section. Thus, Defendants are not entitled to summary judgment based on a non-originality argument.

## B. Copying of the constituent elements of the work that are original.

In addition showing that it holds a valid copyright in at least some portions of the work, Plaintiff must also show that Defendants copied from the protectable elements.[1]

■ The Ninth Circuit applies a two part test, an extrinsic test and an intrinsic test, to determine whether there is copying sufficient to constitute infringement. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir.1994). "At summary judgment, courts apply only the extrinsic test, [which examines similarities between the two works based on external criteria]; the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir.2006). "A plaintiff avoids summary judgment by satisfying the extrinsic test which makes similarity of the works a triable issue of fact." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994). A triable issue of fact "exists when the plaintiff provides indicia of a sufficient disagreement concerning the substantial similarity of two works to require submission to a jury." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir.1992) (internal quotation marks and citation omitted).

■ However, a substantial similarity analysis is not required when defendants "admit that they in fact copied," *Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir.1993), or when a "defendant has engaged in virtual duplication of a plaintiff's entire work," *Narell v. Freeman*, 872 F.2d

**1.** Plaintiff does not need to show that defendant copied Plaintiff's work in its entirety. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir.2012). It is enough that the defendant appropriated a substantial portion of the plaintiff's work. *Id.*

907, 910 (9th Cir.1989). *See also Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir.2012) (holding that substantial similarity is not an element of a copyright infringement claim).

Defendants do not dispute Plaintiff's claim that their website is substantially similar to Plaintiff's website. Instead, Defendants again argue that Plaintiff's website consists of unprotectable elements. However, originality goes to the *first* prong of the *Feist* test,[2] already discussed. The second prong goes to evidence of copying of whatever original material there is. The issue is whether "the *protectible elements, standing alone,* are substantially similar." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (internal quotation marks and citation omitted) (emphasis in original).

Defendants also do not appear to dispute the deposition testimony of Defendants' website designer, Aelorae Qahlwyn. Qahlwyn admitted that Defendant Oakes instructed her to copy and paste product descriptions and images from Plaintiff's website. (Dec. of R. McWilliams, Ex. B at 36:5–25, 37:1–2.) Because, as noted above, Defendants have not shown that the product descriptions do not contain nontrivial amounts of original material, this amounts to an admission of direct copying of presumptively protectable copyrighted material. Because Plaintiff has provided direct evidence of copying, the Court does not need to engage in a substantial similarity analysis. *Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir.

2012).[3] There is a genuine issue of fact as to infringement of the product descriptions and their arrangements and Defendants are not entitled to summary judgment.

Finally, Defendants' FAQ section appears to be substantially similar to Plaintiff's FAQ section. Plaintiff argues that Defendants copied Cellular's 2012 FAQ section either verbatim or nearly verbatim. To support this claim, Plaintiff relies on Qahlwyn's testimony and Langstein's declaration. First, Qahlwyn testified that she created the FAQ page and inputted information that was provided by Defendant Oakes or Katie Oakes. (Dec. of R. McWilliams, Ex. B at p. 44:18–25, 45: 1–25.) Although this information suggests that Defendant Oakes may have taken the information from Plaintiff's website because he was previously employed by Plaintiff, it is unclear where the information was taken from exactly. Second, in Langstein's declaration, he stated that "the copy and paste job was so extensive that many of the images and hyperlinks in the FAQ contained links, whether active or broken, to the Cellular website." (Dec. of Langstein ¶ 5.) This is at least circumstantial evidence of copying.

However, even if there were no evidence of copying, the FAQ section on the two websites appear to be substantially similar to one another. Defendants' FAQ section contains seven of the nine headings found on Plaintiff's FAQ section and contains a similar number of questions under each heading. (Dec. of R. Morrison Exs.

---

2. *See* initial text of Part III., *supra*.

3. The Court notes, however, that text under the "Bluetooth Headset Benefits" heading found on Plaintiff's M155 product description page is found verbatim on Defendants' website. (Dec. of R. Morrison, ¶ 18 & Exs. B & D.) Defendants' website also has the same arrangement of facts under certain headings on the M155 product page as those found on

Plaintiff's website. (Dec. of R. Morrison, Exs. B & D.) Specifically, the facts under the "Product Features" heading and "Included Parts" heading are identical on both websites. Thus, there is at least some evidence of substantial similarity of original content, at least with regard to the M155 product page and description.

E & F.) A side by side comparison illustrates that these headings and questions are similarly ordered. (*Id.*) Moreover, the questions are similarly framed. (*Id.*) For example, under the "Cases" heading, Plaintiff frames a question as "I received a pouch case that is made by a different manufacturer than my phone. For example, a Blackberry case for my iPhone. Is this a mistake?" whereas Defendants frame the question as "I received a pouch case by a different manufacturer than my phone. Is this a shipping error?" (*Id.*) Also, under the "Batteries" heading, Plaintiff frames a question as "How long do batteries last before they need to be replaced? Can I do anything to prolong their lifespan?" whereas Defendants frame the question as "How long before I will need a replacement battery? Anything I can do to prolong the lifespan?" (*Id.*) Because a side by side comparison reveals that the wording and number of questions are not different from each other, there is a issue of fact as to the substantial similarity between the two parties' FAQ section. *Cf. Mist–On Sys., Inc. v. Gilley's European Tan Spa,* 303 F.Supp.2d 974, 978 (W.D.Wis.2002) ("A side-by-side comparison of the parties' undoctored Frequently Asked Questions pages clearly reveals that the sequence, the wording and the number of the questions are different from each other.") Thus, Defendants are not entitled to summary judgment because a reasonable jury could find Defendants' FAQ section to be substantially similar to that of Plaintiff's.

## C. Unclean Hands Defense

"The defense of unclean hands by virtue of copyright misuse prevents the copyright owner from asserting infringement and asking for damages when the infringement occurred by his dereliction of duty." *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors,* 786 F.2d 1400, 1408 (9th Cir.1986). "Plaintiff's action will be dismissed under the theory of unclean hands if defendant establishes that plaintiff's evidence was false and that plaintiff was involved in a scheme to defraud the public." *Id.* The unclean hands defense also "forbids the use of the [copyright] to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which is contrary to public policy to grant." *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079, 1090 (9th Cir.2005) (internal quotation marks and citation omitted); *see also A & M Records v. Napster, Inc.,* 239 F.3d 1004, 1026–27 (9th Cir.2001) (stating that copyright misuse "prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly.").

Defendants argue that they are entitled to summary judgement on their affirmative defense of unclean hands because Plaintiff has tried to gain a monopoly over marketing materials that it does not own, but are actually created by the manufacturers. However, Plaintiff disputes this and argues that it has never sought to prevent use of the marketing materials provided by the manufacturer. Instead, Plaintiff argues that it is only trying to protect its copyrighted works. (Dec. of Langstein ¶ 10.) Plaintiff relies on Langstein's declaration. In his declaration, Langstein states that "Cellular does not seek to control areas outside of its copyright. . . ." (Dec. of Langstein ¶ 9.) Because Plaintiff has provided evidence that Plaintiff is not trying to control areas outside of the monopoly, and because in any event the exact scope of the copyright, if any, is the key issue in the case, there is an issue of fact as to copyright misuse. Thus, Defendants are not entitled to summary judgment.

### D. Remedies

Defendants argue that they are entitled to summary judgment because Plaintiff has not established any actual damages suffered as a result of the alleged copying. (Mot. Summ. J. at 12:2–5.) Defendants also argue that Plaintiff's claim for damages should be stricken because the copyrighted work was neither registered prior to the commencement of the infringement nor within three months after first publication of the work, as required under 17 U.S.C. § 412.

Plaintiff's complaint specifically requests both actual and statutory damages in its Prayer for Relief. (Compl., Prayer for Relief ¶¶ 4–7.) However, Plaintiff does not dispute that it is barred by § 412 from claiming statutory damages, and at oral argument Plaintiff's counsel stated that Plaintiff would no longer seek damages for this claim.

The Complaint also requests an injunction against any future use by Defendants of Plaintiff's allegedly copyrighted works, and an order to take down the allegedly infringing website. (Compl. ¶¶ 37–39.) Plaintiff may proceed with its copyright claim for injunctive relief only.

### IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is DENIED IN PART AND GRANTED IN PART. The Court grants summary judgment to Defendants as to any claim for damages arising out of the alleged copyright infringement. However, summary judgment is denied as to a claim for injunctive relief.

Additionally, Plaintiff has filed an ex parte application to be allowed to file a surreply in order to address a question about when Defendants had notice of Mr. Morrison's role in creating website content. (Dkt. No. 96.) However, because that issue does not touch on the remedies question, and because Plaintiff survives the Motion as to the substantive issues, the application is DENIED as moot.

IT IS SO ORDERED.